UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY MICHAEL PEREZ (#622112)            CIVIL ACTION NO.

VERSUS                                                            20-29-JWD-EWD

JOHN BEL EDWARDS, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 23, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RANDY MICHAEL PEREZ (#622112)　　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　　　　20-29-JWD-EWD

JOHN BEL EDWARDS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Randy Michael Perez ("Plaintiff"), who is representing himself and is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims against John Bel Edwards and James M. LeBlanc (collectively "Defendants") be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

**I.　Background**

According to Plaintiff's allegations, while he was on probation, he underwent a drug test, which he failed. As a result, his probation was revoked.[1] Plaintiff alleges his probation was revoked as a result of "medical cannabis and CBD oil that has 3% thc that does not get you high."[2] Plaintiff alleges that he was prescribed medical marijuana when he and his family moved to Denver, Colorado in 2010.[3] Much of the Complaint is dedicated to discussing the uses of medical marijuana, Defendants' lack of knowledge regarding the benefits of medical marijuana, and allegations regarding a conspiracy between Defendants and corporations to purposely make citizens sick, "so that large companies can make billions of dollars in profits."[4] Plaintiff requests

---

[1] R. Doc. 1, p. 3.
[2] R. Doc. 1, p. 3.
[3] R. Docs. 1, p. 3; 3, p. 8.
[4] R. Doc. 1, pp. 6-12.

injunctive relief in the form of being "set free from jail," and requests monetary relief for false imprisonment.[5]

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[6] Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[8] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[9] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[10]

---

[5] R. Doc. 1, p. 14.
[6] Plaintiff was granted permission to proceed *in forma pauperis* on February 13, 2020. (R. Doc. 5).
[7] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[9] *Denton,* 504 U.S. at 32.
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

2

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[15]

### B. Plaintiff's Claims Concerning Revocation of Parole and Subsequent Denial of Parole are Duplicative

Plaintiff appears to insinuate that conducting a drug test, which formed the basis of the revocation of his probation, violated his right to privacy.[16] Plaintiff also alleges that on March 15, 2019, LeBlanc denied him parole.[17] Plaintiff previously brought claims regarding the revocation of his probation based upon the drug test and claims regarding the denial of his parole in 2019 in the Eastern District of Louisiana. Those claims were dismissed with prejudice for failure to state

---

[11] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[12] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[14] *Id.*
[15] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[16] R. Doc. 1, pp. 1-3, 6.
[17] R. Doc. 3, p. 15.

3

a claim on which relief may be granted and for seeking monetary relief from a defendant who is immune from relief.[18]

Repetitious litigation of virtually identical causes of action is subject to dismissal. . . as malicious.[19] It is proper to dismiss an action on the basis that it is malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.[20] Because Plaintiff has previously (and unsuccessfully) brought these claims, they are duplicative and subject to dismissal. Accordingly, Plaintiff cannot state a claim arising from the mandatory drug test, which was performed as a result of Plaintiff's conditions of probation or the denial of his parole in March 2019.

### C. Plaintiff has Not Stated an *Ex Post Facto* Violation

Plaintiff also appears to claim that he was not being allowed to earn good time credits while on probation and is not earning good time credits now.[21] A statute violates the *ex post facto* clause only if it retroactively "effects [a] change in the definition of [petitioner's] crime" or "increases the 'punishment' attached to [petitioner's] crime."[22] The statutes cited by Plaintiff as being applied to cause an *ex post facto* violation include La. R.S. §§ 15:541 and 15:571.3.[23] Plaintiff specifically complains of an alleged change occurring to La. R.S. § 15:1541 in 2017.[24] Plaintiff claims due to this law, he "must serve sentence flat,"[25] and that Defendant LeBlanc is "trying to make [him] do

---

[18] *See Randy Michael Perez v. Twenty-Fourth Judicial District Court, et al.*, No. 19-10767 (E.D. La.), R. Doc. Nos. 27, 29 & 30.
[19] *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (*per curiam*). *See also Milton v. Gusman*, No. 10-cv-3309, 2010 WL 5376459 (E.D. La. Oct. 6, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").
[20] *See Roberson v. Breen*, 444 F.App'x. 841, 842 (5th Cir. 2011).
[21] R. Doc. 1, pp. 12-13.
[22] *Wallace v. Quarterman,* 516 F.3d 351, 354 (5th Cir. 2008) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 505 (1995)).
[23] R. Doc. 1, pp. 12-13.
[24] R. Doc. 1, p. 12.
[25] R. Doc. 1, p. 13.

4

[his] full sentence," which would result in Plaintiff being released on January 12, 2026.[26] The amendments to § 15:541 in 2017 consisted of a change to the definition of the term "conviction"[27] that had no perceivable effect on Plaintiff's accrual of good time credits. Similarly, none of the amendments to § 15:571.3 in 2017 appear to have affected Plaintiff at all.[28]

Though *pro se* complaints are to be construed liberally, "liberal construction does not require that the Court…create causes of action where there are none."[29] "To demand otherwise would require the courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."[30] Based on the facts provided in the Complaint, Plaintiff cannot state an *ex post facto* violation and the Court need not search any further.

### D. Plaintiff's Conclusory Allegations Regarding Care at the Prison Lack Merit

Plaintiff asserts that LeBlanc "does not have enough resources because of the budget cuts with eliminating staff positions. He can not [sic] provide proper health care, food, and other needs that Plaintiff needs for his health."[31] Dr. Fleming diagnosed Plaintiff with delusional disorder and "cannabis use disorder,"[32] which diagnosis Plaintiff disputes, but disagreement regarding a medical diagnosis alone does not rise to the level of a constitutional violation.[33] Further, despite Plaintiff's claim that his "health has [gone] down hill" while imprisoned, he has not provided any

---

[26] R. Doc. 3, p. 15.
[27] *See* 2017 La. Sess. Law. Serv. Act 307 (H.B. 455).
[28] 2017 La. Sess. Law Serv. Act 280 (S.B. 139).
[29] *Mattes v. Carvajal*, No. 20-1917, 2020 WL 5505662, at *2 (N.D. Tex. Aug. 13, 2020) (quoting *Smith v. CVS Caremark Corp.*, No. 12-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).
[30] *Id.* (internal quotation marks and citations omitted).
[31] R. Doc. 3, p. 15.
[32] R. Doc. 3, p. 18.
[33] *Rowe v. Shaw*, 39 F.3d 320, 320 (5th Cir. 1994).

facts to indicate that he suffered from any constitutional violations. His conclusory claim of "unproper medical treatment" is insufficient to state a claim.[34]

Further, it appears involvement of both Defendants with respect to Plaintiff's medical care are only as a result of LeBlanc's supervisory role and Edwards's role as governor.[35] Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that causally result in plaintiff's injury.[36] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is insufficient to state a claim under § 1983.[37] Further, if there is no direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[38] The supervisor can be found liable only if he implements a policy so deficient that the policy itself may be seen as the moving force behind a constitutional violation.[39]

Plaintiff has failed to allege any facts to show that Defendants were directly involved with any alleged constitutional deprivation or that Defendants established or promoted a policy that caused the alleged decline of Plaintiff's health. Regarding deliberate indifference, Plaintiff does not allege Defendants took any part in Plaintiff's treatment. Rather, Plaintiff alleges that

---

[34] R. Doc. 3, p. 16.
[35] *See* R. Doc. 3, pp. 16-17.
[36] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[37] *See Iqbal*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that A[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability@).
[38] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[39] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

6

Defendants do not have the resources to provide proper medical care and that he sent a letter regarding medical care to Defendants, as well as other individuals.[40] Moreover, considering that Defendants are so far removed from the day-to-day operations of the prison and from day-to-day decisions regarding medical care of inmates, they are too far removed for Plaintiff state a claim against them.[41]  Considering the lack of personal involvement and lack of allegations of unconstitutional policies implemented by Defendants, Defendants cannot be held liable pursuant to § 1983.[42]

### E.  Other Claims in Plaintiff's Complaint are Properly Dismissed as Fanciful

Plaintiff discusses at length the purported benefits of medical marijuana and his ability to "extract marijuana" to help kids, pets, and people.[43]  Plaintiff also claims that Defendants are afraid Plaintiff will have a "major political following" and that he will make a change that will negatively impact Defendants' "power, profits, and influence"[44] and that Edwards and LeBlanc "knows [sic] absolutely nothing about" various treatments.[45]  Plaintiff also alleges Defendants are "afraid [Plaintiff] will run for political office, which [he] has every intention of doing."[46]  Plaintiff alleges "[t]his is crimes against humanity, crimes against persons, crimes against public morals…war crimes," but does not provide any support for these conclusory allegations.[47]  Plaintiff also states in a conclusory fashion that his right to equal protection "was violated due to the unconstitutional

---

[40] R. Doc. 3, pp. 16-17.
[41] *See Hailey v. Savers,* 240 Fed. Appx. 670, 672 (5th Cir. 2007)(affirming dismissal of deliberate indifference claims against prison medical administrator because the plaintiff failed to allege specific facts to demonstrate that the administrator had personal involvement in placing the plaintiff in a job assignment that posed a substantial risk of harm or that the administrator implemented policies to physically harm the plaintiff).  LeBlanc, as Secretary of the Department of Public Safety and Corrections, and John Bel Edwards as governor, are even further removed from day-to-day medical decisions than a prison medical administrator.
[42] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[43] R. Doc. 1, p. 7.
[44] R. Doc. 3, pp. 14-15.
[45] R. Doc. 1, p. 8.
[46] R. Doc. 3, p. 15.
[47] R. Docs. 1, pp. 9-12; 3, p. 18.  Plaintiff discusses at length all the ways he believes the government is making people and pets sick.

7

policies and unconstitution [sic] laws from the Defendant's Governor John Bel Edwards, Secretary James M. LeBlanc."[48] It appears Plaintiff is attempting to allege an equal protection violation on the basis that he is not permitted under the laws of the state to grow marijuana when other entities are allowed to do so.[49] First, Plaintiff has not established the elements of an equal protection claim as he has not shown that there was no rational basis for the fact that he is not permitted to grow marijuana. According to Plaintiff's pleadings, he is currently incarcerated and obviously there is a rational basis for his inability to grow marijuana. This claim is legally frivolous should be dismissed as such.[50]

### F. Plaintiff Should Not Be Given Leave to Amend His Complaint

Plaintiff has filed a "Motion to Fix and Amend Complaint" ("Motion"),[51] which should be denied as futile, and no further leave to amend should be granted. The facts alleged in Plaintiff's proposed amended complaint echo the same allegations already made.[52] Plaintiff simply seeks to assert those claims against numerous other Defendants. Plaintiff's claims lack either an adequate legal and/or factual basis. Attempting to assert these claims against other individuals will not cure

---

[48] R. Doc. 1, p. 4.
[49] *See* R. Doc. 1, pp. 4-5. Plaintiff notes that Louisiana State University is permitted to conduct research on and grow marijuana, and avers that, based on equal protection grounds, he should also be entitled to grow marijuana for research and therapeutic use.
[50] To the extent Plaintiff's allegations in R. Doc. 9 are intended to amend the complaint, such claims would also properly be dismissed as fanciful, as Plaintiff claims he "would like to bring his family in this Petition so we can show the…government we have a mask that has lighting to kill coronavirus." R. Doc. 9, p. 1.
[51] R. Doc. 10.
[52] *See, generally*, R. Doc. 10-1. Plaintiff seeks to add additional Defendants, all of whom he alleges violated his right to privacy as a result of a drug test conducted on Plaintiff while he was on parole/probation. For the reasons explained above, this fails to state a claim. Plaintiff also makes additional allegations regarding not receiving compliance credits or diminution of sentence discussed above in relation to Plaintiff's attempted *ex post facto* claim. R. Doc. 10-1, p. 41. As in Plaintiff's original and first amended complaint, he again does not provide any basis for these allegations.

the fatal defects.[53]  Plaintiff also makes additional complaints calling into question his original guilty plea,[54] but these claims are not cognizable in this action.[55]

Plaintiff also complains that LeBlanc has violated Plaintiff's rights under the Eighth Amendment because his confinement is cruel and unusual because other inmates smoke, which could give Plaintiff cancer.[56]  Amendment to allow Plaintiff to attempt to state this claim against LeBlanc would be futile.  As stated above, a prerequisite to liability under § 1983 is the personal involvement in the acts causing the deprivation or "a causal connection…between an act of the official and the alleged constitutional violation,"[57] or an unconstitutional policy.  Plaintiff does not allege that LeBlanc was personally involved in any aspect of life at LSP or that LeBlanc personally knew of Plaintiff's problems with second-hand smoke, nor does Plaintiff allege that any policy of LeBlanc's is the reason for this problem.  Accordingly, because Plaintiff has not alleged sufficient facts to hold LeBlanc personally liable, Plaintiff cannot state a claim against LeBlanc under § 1983.[58]

Plaintiff also alleges that LeBlanc "has failed to give Plaintiff resources to Plaintiff to protect his self from catching coronavirus while a pandemic is going on"[59] and that Hooper "disregard[ed] the knowledge of coronavirus…and failed to take reasonable measures to protect plaintiff."[60]  Plaintiff's allegations regarding the COVID-19 response fail to state a claim, and thus,

---

[53] Plaintiff also makes allegations of defamation against Defendants, including Fleming, who he alleges falsely diagnosed Plaintiff with delusional disorder and cannabis use disorder. R. Doc. 10-1, p. 53. As discussed above, even an incorrect diagnosis, alone, does not state a claim of constitutional dimension, so amendment to state this claim would futile.
[54] R. Doc. 10-1, p. 5.
[55] Claims calling into question the validity of Plaintiff's original guilty plea are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as are his claims that he was given an excessive sentence. *See* R. Doc. 10-1, p. 46.
[56] R. Doc. 10-1, pp. 41-42.
[57] *Selders v. LeBlanc*, No. 19-13075, 2020 WL 5097599, at *2–3 (E.D. La. July 1, 2020), *report and recommendation adopted*, No. 19-13075, 2020 WL 5095328 (E.D. La. Aug. 28, 2020) (citing *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980)).
[58] *See id.*
[59] R. Doc. 10-1, p. 42.
[60] R. Doc. 10-1, p. 71.

allowing amendment consistent with any facts regarding this claim would be futile.[61] Amendment to allow Plaintiff to pursue a claim regarding the processing of his grievances[62] would also be futile as inmates do not have any right to have their grievances properly investigated or handled.[63] Plaintiff additionally makes other fanciful claims regarding Defendants being afraid of him because he is an investigative reporter who will expose governments,[64] as well as claims echoing those in his previous complaints regarding Defendants lack of knowledge regarding the medical uses of marijuana and other related claims.[65] For the reasons outlined herein, Plaintiff's claims are fatally infirm, as there is no non-frivolous federal claim Plaintiff could assert against these Defendants consistent with the facts alleged in his Complaint.[66] Further, Plaintiff has already amended his complaint once, and the Court is not required to give Plaintiff unending leave to

---

[61] As this Court and numerous other federal courts have recognized, the COVID-19 pandemic has caused a global crisis and poses extraordinary and unique public health risks, which are particularly pronounced in jails. *See, e.g.*, *Blake v. Tanner*, No. 20-1250, 2020 WL 3260091, *3 (N.D. Tex. May 20, 2020); *Gumns v. Edwards*, No. 20-231, 2020 WL 2510248, *1 (M.D. La. May 15, 2020). Further, in such a conditions of confinement claim, prison officials are only required to respond reasonably to the risk presented. *Farmer*, 511 U.S. 825, 844 (1994) ("prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."). Plaintiff has not provided any facts to indicate that Defendants have responded unreasonably to the risk of COVID-19. General allegations as those provided by Plaintiff do not suffice to state a claim. *See Williams-Bey v. Smith*, Civil Action No. 20-828, 2020 WL 1954140, (N.D. Ohio Apr. 23, 2020) (wherein the court noted its understanding of the plaintiff's legitimate concern regarding COVID-19 but found that his general allegations did not support a plausible inference that any defendant had failed to take reasonable measures presented by the coronavirus pandemic). Plaintiff's other allegations regarding COVID-19, such as he knew of the coming pandemic and tried to warn officials to stop Mardi Gras are implausible, but also do not seem relevant to the question of whether Plaintiff can state a claim against prison officials for their pandemic response.
[62] R. Doc. 10-1, pp. 73-74.
[63] *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.").
[64] R. Doc. 10-1, pp. 8-9,
[65] R. Doc. 10-1, pp. 11-17, 28-29, 33, 42. Plaintiff makes similar claims against Hooper. R. Doc. 10-1, p.72. Plaintiff also claims he warned Defendants of the Coronavirus and alleges he instructed them to "stop Mardi Gras 2020." R. Doc. 10-1, pp. 26, 35. He also makes claims against a James M. Sparks for allegedly refusing to help Plaintiff contact James M. LeBlanc and John Bel Edwards. R. Doc. 10-1, p. 56. There is simply no viable constitutional claim in any of these allegations, and to further attempt to decipher these claims is improper because "to do so might suggest that these arguments have some colorable merit." *Atakapa Indian Creole Nation*, 943 F.3d at 1007, *quoting Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam).
[66] Considering the largely fanciful nature of Plaintiff's complaint, denial of leave to amend is appropriate. *See Adams v. Rubinstein*, Nos. 15-3532, 15-3647, & 15-3968, 2015 WL 5021740, at *3 (E.D.N.Y. Aug. 24, 2015) ("because the complaints are based on fanciful factual scenarios that could not be cured by amendment,…it would be futile to grant leave to amend).

amend to attempt to state a claim.[67] As granting leave to amend would be futile and cause needless delay, leave should be denied in this case.

### G.  The Court Should Decline to Exercise Supplemental Jurisdiction

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[68] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

### H.  Plaintiff's Motion for Preliminary Injunction[69] Should Be Denied

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[70] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[71]

At all times, the burden of persuasion to obtain a preliminary injunction or temporary restraining order remains with the plaintiff as to each of the four required elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any

---

[67] *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165 at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).
[68] 28 U.S.C. § 1367.
[69] R. Doc. 15.
[70] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors");
[71] *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[72] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[73]

If the above recommendation to dismiss this matter as frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A is adopted, then any request for injunction in this case fails because Plaintiff has not stated a cognizable federal claim, and therefore, Plaintiff does not have any likelihood of success on the merits of any request for injunctive relief he may bring related to the instant complaint.[74] Accordingly, if the above recommendation is adopted, the "Motion for an Preliminary Injunction"[75] should be denied.

Further, the injunctive relief requested in Plaintiff's motion appears to be that he be allowed to grow and ingest marijuana while incarcerated, which is a nonsensical request that needs no further discussion.[76] Thus, the motion should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion to Amend Complaint be **DENIED**, the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims, that

---

[72] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[73] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).
[74] As in Plaintiff's complaint, as amended, and proposed amended complaint, his motion seeking injunctive relief includes fanciful claims such as that his "family developed the first oracle lighting patent pending device mask for covid-19 and viruses (R. Doc. 15, p. 2) and claims regarding his right to research and produce hemp and medical marijuana. *See generally* R. Doc. 15 & 15-1. He again goes through reciting amendments and making arguments regarding the right to privacy and appears to propose his own "Declaration of Randy Michael Perez Human Rights." R. Doc. 15, p. 6. All facts included in this motion are frivolous and fanciful and none save his complaint from frivolous dismissal.
[75] R. Doc. 15.
[76] R. Doc. 15, p. 22. R. Doc. 16, Plaintiff's supplement to the Motion does not include any further information than was already provided.

his federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915 and 1915A,[77] and that this case be **CLOSED**.

      **IT IS FURTHER RECOMMENDED** that Plaintiff's request for a preliminary injunction be **DENIED**.

      Signed in Baton Rouge, Louisiana, on February 23, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[77] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.